May Term,
1855.

THE MAR-
TINSVILLE
AND FRANK-
LIN RAIL-
ROAD CO.
v.
BRIDGES.

---

## THE MARTINSVILLE AND FRANKLIN RAILROAD COMPANY v. BRIDGES.

In a claim for damages, under the R. S. 1838, for injuries to land occasioned by the construction of a public work, the same strictness is not required in the averments as in pleadings in a Court of record.

The written statement of the claim should show, however, whether the injury was occasioned by the passing through and appropriation of the claimant's land, or the taking of timber and other materials for which the statute provides.

A claim for damages, governed by the provisions of the R. S. 1838, for an injury to the claimant's land occasioned by the construction of a railroad, stated that the land was injured, &c., to the amount, &c., as follows: that the road, as located, "angled" through the claimant's land, and passed over the same, &c., to the distance, &c., and over a part which was improved and cultivated; wherefore, &c. *Held*, that the statement was sufficient to enable the claimant to recover for the injury occasioned by the grading of the road, and the division of his land into inconvenient parts.

*Monday,
June 11.*

APPEAL from the *Marion* Circuit Court.

GOOKINS, J.—The appellants having constructed their railroad through the lands of the appellee, he presented his claim for the assessment of damages. Appraisers were appointed by the company, who awarded him 100 dollars, from which award he appealed to the Circuit Court, where, after a change of venue, there was a trial by jury, which resulted in a verdict for 500 dollars in favor of the plaintiff. Motion for a new trial overruled, and judgment.

No question was raised on the trial upon the admissibility of the evidence, all that was offered on both sides having been received without objection; from which it appeared that the road was constructed through the plaintiff's land, a distance of some three hundred rods or more; that a portion of the distance required cuts and embankments in grading; and the witnesses in estimating the damages took those circumstances, with others, into consideration, and also the injury resulting to the plaintiff from the dividing of the farm into inconvenient parts.

The jury were instructed that in estimating the damages, they might take into consideration the land taken for the road; the courses across the plaintiff's land, as straight or crooked, direct or angular, and the inconvenience resulting from cuts and embankments, and of passing from one part of the land to another, by the plaintiff or his cattle.

The defendants excepted to these instructions, and prayed the following:

1. Under the written claim of the claimant, no damages can be allowed for any injury to the premises not particularly described in its nature in the claim.

2. As the claimant has not claimed any damages resulting from cuts and embankments, no damages can be allowed for any such injury.

3. As the claimant has not claimed any damages on account of any injury resulting from the premises being divided by the road into unequal and inconvenient parts, no damages can be allowed for any such unequal or inconvenient division of the premises.

These instructions the Court refused to give, and the defendant excepted.

The claim for damages which the plaintiff presented to the company states that his lands are injured by the location of the road through them to the amount of 1,200 dollars, as follows: That the road, as located, angles through his several tracts of lands, and passes over and through the same, to the distance of about four hundred and ninety-five rods; that it passes over a portion of said lands which

May Term, 1855.

The Martinsville and Franklin Railroad Co. v. Bridges.

May Term,
1855.

THE MAR-
TINSVILLE
AND FRANK-
LIN RAIL-
ROAD CO.
v.
BRIDGES.

are improved and cultivated; wherefore he prayed that his damages might be assessed.

The statute which authorizes this proceeding provides, that the person feeling aggrieved by the construction of a public work, shall make out a written statement of the cause of complaint, particularly describing the nature of the injury, and the interest of the complainant, &c. R. S. 1838, pp. 343–4, s. 17.

We do not think it was the intention of the legislature, in providing for cases of this kind, to require that degree of strictness which would be observed in pleading in Courts of record. The design was to provide a simple and easy mode of ascertaining what damages were occasioned to the citizen by the taking of his property for a public use. It is not, in the first instance, a proceeding in Court, but a claim presented to the party from whose acts the injury is supposed to ensue. That party is presumed to know and does know much more about the nature of the injury than the owner of the land. The cuts and embankments are shown by the surveys, and are matters of which the claimant may know little or nothing at the time he makes his claim. He is limited to two years after the appropriation of his property, for presenting his claim; and more time than this may, and from the known history of our public works, often does elapse after a particular part of the work is entered upon, and the property taken, before it is finished and the height of embankments and depth of cuts known. The complaint states that the road was to be made through the plaintiff's land. The making necessarily included grading. It was, therefore, unnecessary to state that the road was to be graded, or that damages were claimed for a high or low grade.

Nor do we think it was necessary to specify the injury resulting from the division of the plaintiff's land into inconvenient parts, by the construction of the road. The complaint states, as a ground of damages, that the road, as located, passes through the plaintiff's improved and cultivated lands. We do not see how that could well be without dividing them into separate parcels.

It is to be observed that the statute authorizes the taking of other property besides land; such as timber, stone, and other materials necessary for the construction of the work. The reasonable inference is, that the claim should show whether the injury resulted from passing through and appropriating the lands of the claimant, or the taking of other property which the statute authorized.

We think the claim was sufficiently specific to cover the damages proved.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*L. Barbour* and *A. G. Porter*, for the appellants.

*F. M. Finch*, for the appellee.